# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: | |
| **ASI CAPITAL INCOME FUND, LLC**<br>EIN 47-2926845 | Case No: 20-146066-EEB<br>Chapter: 11 |
| Debtor. | Case No: 20-14067-EEB |
| **ASI CAPITAL, LLC**<br>EIN 80-0801533 | **JOINTLY ADMINISTERED<br>UNDER CASE NO. 20-14066-EEB** |
| Debtor. | |

### CREDITORS' MOTION FOR 2004 EXAMINATION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 2004 AND 9016, AND L.B.R. 2014-1 AND FED. R. CIV. P. 45

Creditors GMS, Inc. Profit Sharing Plan ("GMS") and Edward D. Meyer ("Meyer") (collectively "Creditors") by and through undersigned counsel, submit this Motion for 2004 Examination of Debtors ASI Capital Income Fund, LLC ("ASI Capital Income") and ASI Capital, LLC ("ASI Capital") (collectively "Debtors" or "ASI") pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2014-1 and Fed.R. Civ. P. 45, and in support thereof states as follows:

## I.     BACKGROUND

1.     On June 14, 2020 (the "Petition Date") Debtors respectively filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court, District of Colorado. Dkt. No. 1 in case nos. 20-146066-EEB and 20-146067-EEB.

2. Pursuant to the Consent Resolution attached to both petitions, they were executed by Ryan Dunham, as manager of the Debtors and Chief Executive Officer of The Convergence Group

3. On June 15, 2020 Debtors counsel filed a Motion for Joint Administration of cases 20-146066-EEB and 20-146067-EEB, which was granted by the Court on June 16, 2020 jointly administering both cases under case no. 20-146066-EEB.

4. On July 1, 2020 ASI Capital Income filed Form 206D - Schedule D listing Creditors Meyer with a claim amount of $1,468,249.15 and GMS with a claim amount of $603,423.90.

## II. REQUESTED RELIEF AND AUTHORITY

5. Creditors seek to obtain an examination of ASI to obtain information and documents with respect to Creditors' claims and Debtors' solicitation of debt/equity investors.

6. Creditors seeks authority to conduct an examination of Ryan Dunham, as manager for Debtors pursuant to Fed.R.Bankr.P. 2004.

7. Fed.R.Bankr.P. 2004(a) provides that on motion of any party in interest, the court may order the examination of "any entity." The term "entity" includes persons such as Ryan Dunham. 11 U.S.C. § 101(15). The motion may be heard *ex parte*. See Advisory Committee Note to Fed.R.Bankr.P. 2004.

8. Fed.R.Bankr.P. 2004(d) provides that "the court may for cause shown

and on terms as it may impose order the Debtor and any entity having information concerning the debtor to be examined . . . at any time or place it designates, whether within or without the district wherein the case is pending." The scope of the examination under Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the estate or the debtor's right to a discharge." Fed.R.Bankr.P. 2004(b).

9. It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Vantage Petroleum Co.,* 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a fishing expedition". *In re M4 Enterprises, Inc.,* 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995). See also*, In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("Rule 2004 permits a party invoking, it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition*"); In re Frigitemp Corp.,* 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

10. "The purpose of a Rule 2004 examination is to show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.,* 128 B.R. 590, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States,* 231 U.S. 710, 717 (1914)). "Because the purpose of the Rule 2004 investigation

is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.,* 156 B.R. 414,432 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994). See also, *In re Ecam Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991)* (third parties may be subject to examination if they have knowledge of the Debtor's affairs).

11. In connection with the examination and pursuant to Fed.R.Bankr.P. 2004(c), Creditors also seeks to require, pursuant to Fed.R.Bankr.P. 2004(c) and 9016, the production of certain documents which the Creditors believes are in the possession, custody, and control of ASI. A copy of the proposed document production request is attached hereto as **Exhibit A**. Creditors believes that it is necessary to obtain further documentation regarding ASI 's financial transactions within two years prior to the bankruptcy petition and for the period since the bankruptcy petition was filed. Creditors request that the Court require ASI to produce certain documents listed in Exhibit A and allow the issuance of a subpoena duces tecum on ASI to verify information relating to the solicitation of investors and secured noteholders as well as other relevant matters.

12. Creditors request that the Court authorize the Rule 2004 examination of ASI as sought herein. Creditor initially requests that ASI be ordered to produce the documents set forth in Exhibit A pursuant to L.B.R. 2004-1, at the office of Allen & Vellone, P.C., 1600 Stout Street, Suite 1900, Denver, CO 80202 on or before

Thursday, August 27, 2020, no less than seven (7) days before the examination to enable Creditors' counsel to review those documents before the examination, if necessary.

13. Creditors request that the Court authorize the Rule 2004 examination of Ryan Dunham, as manager for Debtors sought herein. Creditors intend to conduct the examinations (after production of documents listed in Exhibit A) pursuant to L.B.R. 2004-1 remotely via video web conference due to the current circumstances surrounding Covid-19. The examination will occur on or before September 3, 2020, and unless the parties mutually agree upon a later time and date for the examination, Creditors or his counsel may request that the Court enter an Order setting a date and time for the examination and compelling attendance by a Ryan Dunham.

WHEREFORE, Creditors GMS, Inc. Profit Sharing Plan and Edward D. Meyer, respectfully request that the Court enter an order in substantially the same form as that attached hereto thereby authorizing Creditors and/or their counsel to compel production of the documents described herein and compelling Ryan Dunham's attendance at an examination to occur on or before September 3, 2020 and for such other and further relief as to this Court may seem just and proper.

Dated this 18th day of August, 2020.

Respectfully submitted,

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

*s/ Patrick D. Vellone*
Patrick D. Vellone
Vandana Koeslch
1600 Stout Street, Suite 1900
Denver, CO 80202
Telephone: (303) 534-4499
pvellone@allen-vellone.com
vkoelsch@allen-vellone.com


WEINMAN & ASSOCIATES, P.C.

*s/ Jeffrey A. Weinman*
Jeffrey A. Weinman
730 17th Street, Suite 240
Denver, CO 80202
Telephone: (303) 572-1010
jweinman@weinmanpc.com


ATTORNEYS FOR CREDITORS GMS, INC. PROFIT SHARING PLAN & EDWARD D. MEYER

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 18, 2020, the foregoing was caused to be served via CM/ECF on the following parties:

Alan K. Motes, Esq., alan.motes@usdoj.gov

Jason D. Meyer, P.E., jmeyer@gmsengr.com

Edward D. Meyer, eandpmeyer@gmail.com

John C. Parks, Esq., john.parks@lewisbrisbois.com

Lee M. Kutner, Esq., lmk@kutnerlaw.com

Jenny M.F. Fujii, Esq., jmf@kutnerlaw.com

David M. Mirazo, Esq., mirazo@mgmsg.com

Michael L. Schlepp, Esq., schleppm@s-d.com

Thomas M. Haskins, III, Esq. kaskinst@s-d.com

Michael M. Noyes, Esq., michael@noyeslaw.com

                                            */s/ Salowa Khan*
                                            Allen Vellone Wolf Helfrich & Factor P.C.